UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL BURHARDT,<br><br>    Plaintiff,<br><br>  v.<br><br>LOUIS ALVAREZ, et al.,<br><br>    Defendants. | Case No. 21-cv-01068-YGR (PR)<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT; DIRECTING PLAINTIFF TO FILE HIS AMENDED COMPLAINT; AND DENYING HIS MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE** |

Plaintiff, who is currently in custody at Salinas Valley State Prison, filed the present *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has also filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Before the Court are various motions filed by Plaintiff, including: (1) motions for leave to file an amended complaint; and (2) a motion for a preliminary injunction and a temporary restraining order ("TRO"). Dkts. 2, 5, 8.

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). Where a plaintiff seeks to amend after a responsive pleading has already been served, however, the decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

The Court notes that the defendants in this action have not been served at this time. As mentioned above, Plaintiff may as a matter of course amend his complaint because a responsive pleading has not yet been served. *See* Fed. R. Civ. P. 15(a). The Court finds that it is in the

interests of justice to allow Plaintiff to amend his complaint. *See Janicki Logging Co.*, 42 F.3d at 566. Accordingly, Plaintiff's motions for leave to file an amended complaint are GRANTED. Dkts. 5, 8. The Court notes that Plaintiff has not attached a proposed amended complaint to his motions. Therefore, the Court directs Plaintiff to file his amended complaint on the attached prisoner civil rights complaint form, as directed below.

Plaintiff's motion for a preliminary injunction and a TRO (dkt. 2) is DENIED for failure to satisfying the notice requirements of Federal Rule of Civil Procedure 65. Prior to granting a preliminary injunction, notice to the adverse party is required. Fed. R. Civ. P. 65(a)(1). A motion for preliminary injunction therefore cannot be decided until the parties to the action are served, and they have not yet been served here. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A TRO may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Plaintiff has not satisfied the aforementioned requirements. Furthermore, the Court has granted Plaintiff leave to amend his complaint and once he files his amended complaint, then then Court must first screen it for cognizable claims. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Until the Court is able to determine whether the forthcoming amended complaint contains cognizable claims, Plaintiff's motion for a preliminary injunction is premature. Accordingly, the motion is DENIED without prejudice. Dkt. 2.

**CONCLUSION**

For the reasons outlined above, the Court rules as follows:

1. Plaintiff's motions for leave to file an amended complaint are GRANTED. Dkts. 5, 8. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his Amended Complaint. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. 21-cv-01068-YGR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. **If Plaintiff fails to file his Amended Complaint by the aforementioned deadline, then the Court will proceed by reviewing the original complaint filed in this action.**

2. Plaintiff's motion for a preliminary injunction and a TRO is DENIED without prejudice. Dkt. 2. The Court will conduct an initial screening of the amended complaint once it is filed by Plaintiff. In the event the matter proceeds to briefing, Plaintiff may resubmit his motion for a preliminary injunction after Defendants have been served.

3. The Clerk of the Court shall send Plaintiff a blank civil rights complaint form and along with a copy of this Order.

4. This Order terminates Docket Nos. 2, 5 and 8.

IT IS SO ORDERED.

Dated: July 23, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge