UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRYL BURGHARDT,

    Plaintiff,

  v.

LOUIS ALVAREZ, et al.,

    Defendants.

Case No. 21-cv-01068-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

On April 25, 2022, the Court issued an Order Dismissing Certain Claims Without Prejudice to Filing in Eastern District; Dismissing Remaining Claims With Leave to Amend; and Denying Plaintiff's Request for Preliminary Injunction. Specifically, the Court granted plaintiff twenty-eight days to file an amended complaint to correct the deficiencies outlined in its April 25, 2022 Order. Plaintiff was warned that the failure to timely file an amended complaint would result in the dismissal of this action for failure to prosecute.

The time for plaintiff to file his amended complaint has passed, and no amended complaint has been filed. Taking into account the salient factors set forth *in Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), the Court finds that dismissal is warranted under Federal Rule of Civil Procedure 41(b).[1] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 989, 992 (9th Cir. 1999) (affirming dismissal of action following plaintiff's failure to amend complaint after receiving leave to do so, where the interest in expeditious resolution of litigation, the court's management of its docket, and avoiding prejudice to defendants favored dismissal).

---

[1] If and when plaintiff is prepared to pursue his claims, he may file a new civil rights action. The limitations period to file a section 1983 action in California is two years, but it is tolled for up to two years during a continuous period of incarceration. *See Silva v. Crain*, 169 F. 3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a section 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and adding section 335.1 to establish two-year residual limitations period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of continual imprisonment).

Accordingly,

IT IS HEREBY ORDERED that the complaint in the above-captioned action is DISMISSED without prejudice. Further, this Court CERTIFIES that any *in forma pauperis* ("IFP") appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall close the file.

IT IS SO ORDERED.

Dated: June 3, 2022

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge